# LAW OFFICE OF
## JOHN M. RODRIGUEZ, LLC.
**ATTORNEY AND COUNSELOR AT LAW**
**375 PARK AVENUE, SUITE 2607**
**NEW YORK, NY 10152**

Tel (212) 634-9937
(516) 984-1618

Fax (212) 634-9980
jrnylaw@verizon.net

July 31, 2013

Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

> Re: <u>United States v. Tameshwar Singh</u>
> S3 12 Cr. 45(RJS)

Dear Judge Sullivan:

This letter memo is respectfully submitted on behalf
of Defendant Tameshwar Singh (Singh), in advance of his
sentence, scheduled for August 9, 2013 at 10:30am[1]. Mr.
Singh, by counsel, submits this memo to assist the Court in
its determination of the reasonable and appropriate
sentence consistent with the Sentencing Guidelines and
statutory directives set forth in 18 U.S.C. Sec. 3553(a).
We respectfully request the Court impose a sentence of time
served, a sentence "sufficient, but not greater than
necessary," (18 U.S.C. Sec. 3553(a)), to achieve the
purposes of sentencing, and which sentence is recommended
by Probation.

### Defendant's Background

Tameshwar Singh was born October 16, 1974, in Curtene
Berisize, Guyana, making him thirty-eight (38) years of age
at the time of this writing. He has a father aged sixty

---

[1] Through no fault of the defendant, Mr. Singh, the initial PSR disclosure was not made available to the
defendant until July 23, 2013 and a subsequent or second disclosure and addendum was made July 30,
2013.

(63) and mother fifty (60) years of age and four siblings, three of whom live in the United States.

Singh was initially raised in the Guyana and subsequently his family immigrated to the United States in or about September 8, 1987, when Singh was twelve (12) years of age. Mr. Singh legally resides in the United States as a permanent resident. He has been advised that this plea may subject him to deportation. He has three children, all born in the United States. They are Trevor, aged twenty-one (21), Tamesh, aged sixteen (16) and Sadya, aged ten (10). Trevor and Tamesh are in the care and custody of Mr. Singh and his family.[2]

Since February 2013, Mr. Singh has been "employed" as a manager at Singh and Sons' Import Export, which is owned and operated by the defendant's father, Sahadeo Singh.

## The Offense

Singh was initially charged by sealed indictment with, inter alia, numerous 18 U.S.C. 1951 (F) and 18 U.S.C. 924(c) counts in a Hobbs Act robbery conspiracy, along with four other defendants. The Indictment was filed in the Southern District of New York on January 19, 2012.

The Government subsequently determined Mr. Singh had been misidentified as an active participant in the conspiracy and on February 13, 2013, superseding information was filed as to Tameshwar Singh. Count One charged Mr. Singh with shipping, transporting, receiving, possessing, selling, distributing and purchasing contraband cigarettes in violation of Title 18 U.S.C. Section 2341. The Court held a plea hearing in this matter on February 13, 2013 and the Court accepted Defendants guilty plea on Count 1 of the Information.

Mr. Singh accepted responsibility for his actions and regrets involvement with co-defendant Fahd Hussain in their joint business venture.

## The Presentence Report

U.S.S.G. Section 2E4.1 applies to the offense charged in Count One of the Information. Pursuant to U.S.S.G.

---

[2] Mr. Singh was in federal custody for the instance offense from January 19, 2012 until February 13, 2013.

Section 2E4.1(1) (a), the base offense level is 9. The defendant demonstrated acceptance of responsibility through his allocution and subsequent conduct prior to the imposition of sentence, such as leading a law abiding life, cooperation with Probation and securing gainful employment, that a two-level reduction is warranted. Accordingly, the applicable Guidelines offense level is 7.

As Singh has no criminal history points, he has a Criminal History Category of 1. Singh's stipulated Guidelines range, therefore, is 0 to 6 months imprisonment. Both parties agree that neither a downward or upward departure from the Stipulated Guidelines is warranted. Both parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range set, based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. 3553(a). Again it is noted that Mr. Singh was incarcerated for thirteen (13) months, a period exceeding the maximum stipulated guidelines range by seven (7) months.

## **Application of 18 U.S.C. Section 3553(a)**

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. We do not understand it to have been the congressional purpose to withdraw all sentencing discretion from the United States District Judge." *United States v. Koon,* 518 U.S. 81, 116 S.Ct. 2035, 2053 (1996). "The traditional task of imposing a just and fair sentence based upon an independent view integrating all philosophical, statutory guidelines and individual particulars of the case at hand remains the job of the nisi prius judge." *United States v. Blarek, 7 F. Supp. 2d 192, 207 (1998)*

By now it is axiomatic that the federal sentencing guidelines are advisory only and serve as merely one factor that Courts must consider in fashioning an appropriate sentence. *United States v.* Booker, 543 U.S.220, 245 (2005) While a sentencing judge must give "respectful consideration" to the Guidelines, *Booker* permits the court to tailor the sentence in light of other statutory concerns set forth in 18 U.S.C. 3553(a). *Kimbrough v. United States,* 128 S.Ct. 586, 596 (2007) The court sentence should be

3

guided by the overarching principle that a sentence should be "sufficient, but not greater than necessary" to accomplish the goals of sentencing. 18 U.S.C 3553(a)

18 U.S.C Section 3553(a) directs a sentencing court to consider, inter alia, the nature and circumstances of the offense and the history and characteristics of the defendant, and directs the court to "impose a sentence sufficient, but not greater than necessary," to afford adequate deterrence to criminal conduct and to protect the public from further crimes by the defendant. The ultimate goal of the sentencing court, we submit, is to find just punishment by carefully balancing important public policy considerations along with the prophylactic and rehabilitative objectives of 18 U.S.C. Section 3553(a).

To this end, we ask the Court to consider the defendant's incarceration in the instant case, approximately thirteen months, in making this determination. We would specifically urge the Court to look to the defendant's history, background, his family circumstances, and limited role in the instant offense as well. We also ask the Court to give weight to Probation's recommendation of time served as the appropriate and reasonable sentence. This sentence we contend is sufficient incarceration for the crimes charged to serve as a substantial deterrence to like activity, for Singh or for that matter, any individual similarly situated.

We thank the Court for the opportunity to address the Court in this important matter and for its balanced consideration.

Sincerely yours,

John M. Rodriguez

4